IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| PAUL M. MARTIN, | 3:11-CV-00325-MA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| MICHAEL ASTRUE,<br>Commissioner of Social<br>Security, | |
| Defendant. | |

RICHARD F. MCGINTY
McGinty & Belcher
P.O. Box 12806
Salem, OR 97301
(503) 371-9636

    Attorney for Plaintiff

S. AMANDA MARSHALL
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1003

1 - OPINION AND ORDER

BENJAMIN J. GROEBNER
Special Assistant United States Attorney
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA  98104-7075
(206) 615-2494

    Attorneys for Defendant

MARSH, Judge.

Plaintiff brings this action for judicial review of the Commissioner's August 6, 2010, final decision denying his December 31, 2007, application for Supplemental Security Income (SSI) benefits under Title VII of the Social Security Act, 42 U.S.C. §§ 1381-1383f, and March 9, 2009, application for Child Insurance Benefits (CIB) under Title II of the Social Security Act, 42 U.S.C. § 401-34.

Plaintiff seeks an order from the court either remanding this matter for the immediate payment of benefits by the Commissioner or for further proceedings.

For the following reasons, the court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to Sentence Four of 42 U.S.C. § 405(g) for further proceedings as set forth below.

### BACKGROUND

In his SSI and CIB applications, Plaintiff alleges he has been disabled since January 1, 2000, because of Blounts Disease (bowed legs), morbid obesity, attention deficit hyperactivity disorder (ADHD), a learning disability, and emotional problems.

On July 15, 2010, an administrative law judge (ALJ) held a hearing at which plaintiff, plaintiff's mother, and a vocational expert (VE) testified.

On August 6, 2010, the ALJ issued a written decision that plaintiff is able to perform sedentary work involving simple, routine tasks with no public interaction and only occasional interaction with co-workers.

On February 15, 2011, the Appeals Council denied plaintiff's request for review. The ALJ's decision, therefore, is the final decision of the Commissioner for purposes of judicial review.

## THE ALJ'S FINDINGS

The Commissioner has developed a five-step sequential inquiry to determine whether a plaintiff is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). See also 20 C.F.R. § 416.920. Plaintiff bears the burden of proof at Steps One through Four. See Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). Each step is potentially dispositive.

At Step One, the ALJ found that plaintiff was under the age of 22 and had not engaged in substantial gainful activity since May 26, 2007.

At Step Two, the ALJ found plaintiff has severe impairments resulting in significant work-related functional limitations: Blount's Disease, obesity, diabetes, hypertension, depression, and anxiety. 20 C.F.R. §§ 404.1520(c) and 416.920(c).

3 - OPINION AND ORDER

At Step Three, the ALJ found plaintiff's impairments do not meet or equal a listed impairment.

The ALJ found plaintiff retains the residual functional capacity to perform sedentary work limited to simple, routine tasks, with no interaction with the public and only occasional interaction with co-workers.

At Step Four, the ALJ found plaintiff has no relevant work history.

At Step Five, the ALJ found plaintiff is able to perform sedentary unskilled jobs, including addresser, surveillance system monitor, and escort vehicle driver, each of which exists in substantial numbers in the national economy.

Based on these Findings, the ALJ found plaintiff is not disabled and, therefore, is not entitled to CIB or SSI.

## LEGAL STANDARDS

The plaintiff has the initial burden to prove he is disabled. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996). To meet this burden, the plaintiff must demonstrate an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

4 - OPINION AND ORDER

The Commissioner's final decision must be affirmed if it is based on proper legal standards and the ALJ's findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

The court must weigh all the evidence whether it supports or detracts from the Commissioner's final decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The court must uphold the decision, however, even if it concludes that evidence "is susceptible to more than one rational interpretation." Andrews, 53 F.3d at 1039-40.

The Commissioner bears the burden of developing the record. DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991). The duty to further develop the record, however, is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001).

### ISSUES ON REVIEW

Plaintiff contends the ALJ erred in (1) not adequately assessing the opinions of examining psychologist Dr. Cole and consulting psychologist Dr. Anderson, regarding plaintiff's

5 - OPINION AND ORDER

ability to perform simple, routine tasks, (2) not adequately assessing plaintiff's residual functional capacity (RFC), particularly in light of his obesity, and (3) finding plaintiff is capable of substantial gainful activity in light of his RFC.

## EVIDENCE

The evidence includes the hearing testimony of plaintiff and a vocational expert (VE), lay evidence from plaintiff's mother, and relevant medical records.

**Plaintiff's Evidence**.

On the hearing date, plaintiff was 21 years old and weighed 400 lbs. He is able to walk continuously only for a minute or two because of stress and pain on his joints. In an 8-hour workday he could probably walk a total of 15 minutes. He has severe pain in his knees if he stands for more than 15 minutes. Excluding sleep time, plaintiff lies down for 8-12 hours each day. He has pain and stiffness in his joints and low back if he sits for more than one hour at a time.

Plaintiff lacks social skills and is anxious around people. He has being diagnosed with ADHD and finds it hard to stay on task. He "would go nuts" after an hour if he were to have a simple job packaging products all day.

Plaintiff has difficulty controlling his anger although he has never hurt anyone. He has been diagnosed with a bipolar condition which he believes affects his ability to work.

6 - OPINION AND ORDER

In light of his weight, plaintiff uses a special chair and a toilet designed for the handicapped. His daily routine includes bathing, preparing breakfast, and cleaning his room.

**Lay Witness Evidence.**

Plaintiff's mother teaches special needs children. She states plaintiff is unable to work because of leg pain while walking and difficulty standing or sitting for any length of time. He takes pain medication, which makes him feel nauseous and "loopy," and does not provide long-lasting pain relief.

Plaintiff attended a special high school for the learning disabled and received a diploma by taking "watered down" courses. He has a poor memory and does not read well. ADHD causes him to fidget. He is withdrawn and lacks the social skills necessary to relate to people.

Plaintiff lies down most of the day. He behaves like a child, throwing tantrums and frequently crying. He has been a recluse for years, rarely going out with his parents on shopping trips or otherwise because he thinks people make fun of him.

**Vocational Expert Evidence.**

Vocational Expert Paul Morrison testified that plaintiff has no past relevant employment. If plaintiff is limited to simple, routine, sedentary work with no interaction with the public and limited interaction with coworkers, he would be able to perform the unskilled jobs of addresser, surveillance system monitor, and

7 - OPINION AND ORDER

escort vehicle driver. If, however, he has difficulty staying on task, resulting in a decrease of at least 20% in productivity, plaintiff would be unemployable on a full-time basis.

**Medical Treatment Evidence.**

    **Salem Hospital.**

In May 2006, at age 17, plaintiff was hospitalized for treatment related to suicide ideation stemming from his potential expulsion from school. On admission, psychiatrist, Robert M. Wolf, M.D., diagnosed ADHD and depression and noted plaintiff had psychological issues manifested by impulsive and provocative behavior, which caused conflict with others, particularly those in authority. Plaintiff was discharged 23 days later. Dr. Wolf noted his suicide ideation dissipated during that time.

Dr. Wolf diagnosed Major Depressive Disorder with ADHD, Obesity, Blount's Disease, and "School Discord." He opined that Plaintiff's GAF on admission was 45 (serious impairment in school functioning), improving to 60 on discharge (moderate impairment in school functioning). Dr. Wolf prescribed Abilify, Cymbalta, Wellbutrin, and Metformin to treat his depression and psychosis.

    **Corvallis Internal Medicine.**

In April 2006, plaintiff was diagnosed with a mood disorder that caused him to behave erratically.

In June 2006, plaintiff was doing well. His depression was stable. He was motivated, and was exercising by lifting weights.

8 - OPINION AND ORDER

In August 2007, however, plaintiff's diagnoses included chronic conditions related to ADHD, depression, morbid obesity and possible bipolar disorder.

In April 2008, plaintiff was diagnosed with hypertension, Type 2 Diabetes, and severe depression.

### West Valley Hospital

In July 2007, plaintiff suffered a mild concussion with neck and low back pain in an automobile accident. A CT scan was negative. He was prescribed Vicodin.

### Good Samaritan Regional Medical Center.

In December 2007, Plaintiff suffered a left knee sprain causing swelling around the knee but no fracture or malalignment.

### Firehouse Diabetes and Endocrine Center.

In June 2009, plaintiff was treated for Type 2 diabetes, hypertension, hyperlipidemia, morbid obesity, and sleep apnea. He had lost 100 lbs and was feeling better.

## Educational/Psychological Assessment Evidence.

### Cheryl Randall, MS, NCC - School Psychologist.

In April 2003, plaintiff was referred to certified counselor Cheryl Randall for psychological educational testing/assessment. Plaintiff's scores placed him intellectually in the low average range. He was exhibiting significant emotional and behavioral problems both at home and at school, which "indicate[d] [he] may have Autism Spectrum Disorder in educational settings."

**Medical/Psychological Evidence - Evaluation**.

    **Gregory A. Cole, Ph.D. - Psychologist**.

In February 2008, plaintiff was referred to Dr. Cole for an intellectual assessment and testing. Dr. Cole found Plaintiff:

> exhibited a tendency to give up easily on tasks, problems interacting with others, claimed learning disorders, and problems with regard to fatigue/obesity/pain, would be primary factors, which would impact his overall level of vocational success. <u>In these [ ] areas, further medical evaluation is suggested to determine [plaintiff's] specific physical limitations</u>.

Tr. 330. (Emphasis added).

Plaintiff's test scores placed him in the low average level of intellectual functioning, with below average skills in verbal comprehension, working memory, and processing speed.

Dr. Cole diagnosed Dysthymic Disorder, Anxiety Disorder and assigned a GAF score of 59 (moderate difficulty in social, occupational, and school functioning). He opined plaintiff met the "criteria for diagnoses of ADHD or bipolar disorder."

**Medical/Psychological Evidence - Consultation**.

    **Martin Kehrli, M.D. - Physical Medicine Specialist**
    **Neal E. Berner, M.D. - General Practitioner**

In April 2008, Dr. Kehrli reviewed plaintiff's medical records and opined plaintiff has the physical capacity to perform sedentary work requiring him to lift up to 10 lbs frequently and 20 lbs occasionally, stand/walk for up to 2 hours and sit for

6 hours in an 8-hour work-day, push and or pull on an unlimited basis, and climb, balance, stoop, kneel, crouch, and crawl only occasionally.

Dr. Berner concurred in Dr. Kehrli's assessment.

**Dorothy Anderson, Ph.D. - Clinical Psychologist.**
**Joshua J. Boyd, Psy.D. - Clinical Psychologist.**

In December 2007, Dr. Anderson reviewed plaintiff's medical records and opined plaintiff's psychological impairments related to Dysthymic Disorder and Anxiety Disorder result in moderate limitations in daily living activities, and maintaining social functioning, concentration, persistence, or pace. Plaintiff could expect to have one or two annual episodes of decompensation for an extended duration.

Plaintiff's ability to understand, remember, and carry out detailed instructions, and to maintain concentration for extended periods, is moderately limited, as is his ability to interact with the general public and to maintain socially appropriate behavior, such as adherence to basic standards of neatness and cleanliness. Plaintiff is also moderately limited in his ability to set realistic goals or make plans independently of others. Accordingly, plaintiff "is limited to basic and brief tasks that require 2 steps at the most."

Dr. Boyd concurred in Dr. Anderson's assessment.

## DISCUSSION

1. **Dr. Cole's Opinion.**

Plaintiff contends the ALJ failed to give adequate weight to examining physician Dr. Cole's opinion that plaintiff's tendency to give up easily on tasks, i.e., his persistence, "would be a primary factor" impacting "his overall level of vocational success." In addition, the ALJ did not specifically assess any functional limitation arising from Dr. Cole's comment that plaintiff's "overall pace on tasks was observed to be slow." (Emphasis added).

**Standards.**

"As is the case with the opinion of a treating physician, the Commissioner must provide 'clear and convincing' reasons for rejecting the uncontradicted opinion of an examining physician." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995), citing Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990). "And like the opinion of a treating doctor, the opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id., citing Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995).

**Analysis.**

In his analysis of the evidence, the ALJ acknowledged Dr. Cole's opinion that plaintiff "had a tendency to give up

12 - OPINION AND ORDER

easily on tasks and overall pace was slow." The ALJ, however, did not specifically address Dr. Cole's opinion as to plaintiff's potential workplace limitations related to persistence and/or pace, and, notwithstanding that opinion, found "Dr. Cole's assessment" was "consistent with a capacity for simple, routine tasks with no interaction with the public and occasional interaction with co-workers."

The Commissioner argues the ALJ was not required to "discuss every piece of evidence," i.e., insignificant and/or non-probative evidence. Howard v. v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003).

On this record, however, the court disagrees. Such medical evidence relating to the limitations caused by plaintiff's ADHD, which plaintiff specifically asserted as a basis for his claim for benefits, is potentially significant and probative of plaintiff's ability to maintain persistence and pace in any workplace setting. The ALJ, in the course of making his findings, should have addressed and weighed that evidence specifically rather than merely noting its existence.

2. **Dr. Anderson's Opinion**.

Plaintiff contends the ALJ did not adequately account for consulting physician Dr. Anderson's opinion that plaintiff was moderately limited in his ability to performing only basic, brief, 2-step tasks.

13 - OPINION AND ORDER

**Standard.**

A [consulting] physician's opinion [is] substantial evidence if it is supported by other evidence in the record. Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999).

**Analysis.**

Plaintiff contends the jobs of addresser, watching a closed circuit television for eight hours a day, and driving an escort vehicle, are incompatible with plaintiff's limitation to work involving "brief tasks."

The Commissioner argues plaintiff conflates the "brief task" limitation to preclude working an eight-hour day regardless of the nature of the task involved. The court agrees with the Commissioner. Nevertheless, the court also concludes this issue is subsumed generally in Dr. Cole's opinion as to plaintiff's inability to stay on task for a significant period of time. As with Dr. Cole's opinion, Dr. Anderson's opinion that plaintiff is limited to "<u>brief</u> two step tasks," (emphasis added), was inadequately addressed by the ALJ in determining plaintiff's RFC.

3.  **Plaintiff's Obesity.**

Finally, plaintiff contends the ALJ erred in not developing the record regarding the effect of plaintiff's obesity on his ability to work, and whether any reasonable accommodation was

possible in any employment, relating to plaintiff's need for a specially made chair and toilet facility in light of his "sheer size."

The VE testified he was unaware of an employer, to provide such accommodation. In this case, the court concludes these two issues are relevant factors that a VE should address in determining whether such accommodation would be available in jobs in the national economy which plaintiff might otherwise be able to perform.

## SUMMARY

The court concludes the ALJ's hypothetical to the VE did not adequately account for plaintiff's limitations in maintaining pace and/or concentration, i.e., staying on task, or his special seating and toilet facility needs in order to accommodate his obesity.

## REMAND

In light of the above, the issue is whether this matter should be remanded for the immediate payment of benefits or for proceedings to further develop the record.

The Commissioner bears the burden of developing the record. DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991). The duty to further develop the record, however is triggered only when

there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. <u>Mayes v. Massanari</u>, 276 F.3d 453, 459-60 (9th Cir. 2001).

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. <u>Harman v. Apfel</u>, 211 F.3d 1172, 1178 (9th Cir.), <u>cert. denied</u>, 121 S. Ct. 628 (2000). "If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded" <u>Lewin v. Schweiker</u>, 654 F.2d 631, 635 (9th Cir. 1981). If, however, "a rehearing would simply delay receipt of benefits, reversal is appropriate." <u>Id</u>.

Based on the record in this case, the court, in the exercise of its discretion, concludes this matter should be remanded to the Commissioner for further proceedings. See <u>Harman v. Apfel</u>, 211 F.3d 1172, 1178 (9th Cir.), <u>cert</u>. <u>denied</u>, 121 S. Ct. 628 (2000).

On remand, the Commissioner shall, in accord with Dr. Cole's recommendation and consistent with Dr. Anderson's evaluation, obtain a further medical evaluation from a medical source relating specifically to plaintiff's workplace limitations as to persistence and pace, and the impact of such limitations on his ability to engage in substantial gainful activity.

16 - OPINION AND ORDER

The Commissioner shall also obtain further evidence from a vocational expert as to the availability of special seating and toilet facilities that would accommodate plaintiff's obesity if he is able otherwise able to engage in substantial gainful activity.

## CONCLUSION

For these reasons, the court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to Sentence Four of 42 U.S.C. § 405(g) for further proceedings as set forth above.

IT IS SO ORDERED.

DATED this 7 day of May, 2012.

MALCOLM F. MARSH
United States District Judge

17 - OPINION AND ORDER